**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VLADIMIR ZAVINSKIY, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEMS, LP d/b/a SWC Group and DOES 1 through 10, inclusive,<br><br>Defendant(s). | CLASS ACTION COMPLAINT<br><br>Civil Action No.:<br><br>Jury Trial Demanded |

Vladimir Zavinskiy ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## I.    INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.      In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.      Upon information and belief, Defendant used these very same tactics across the United States against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.      Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.    THE PARTIES

5.      Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

6.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7.      Southwest Credit Systems, LP d/b/a SWC Group ("Defendant") is a collection agency engaged in the business of debt collection within the Commonwealth of Pennsylvania, with its principal offices located at 4120 International Parkway #1100 Carrolton, Texas 75007, where it may be served.

8.      Defendant is engaged in the business of being a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      On its website, www.swcgroup.com, Defendant touts its 45 years of experience in the collection industry.  See https://www.swcgroup.com/services.html (last visited on January 5, 2021).

10.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11.      Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12.      Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

13.      Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

15.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a.     Plaintiff resides in Bucks County, which is in the territory of the Eastern District of Pennsylvania;

    b.     Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

    c.     Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV.     STATEMENT OF CLAIMS

#### BACKGROUND

17.     On July 21, 2018, Plaintiff and his wife filed a "no asset" Chapter 7 bankruptcy petition, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. See In re: Zavinskiy, et al., Docket No. 18-14838.

18.     Plaintiff and his wife completed all of the steps necessary to obtain a bankruptcy discharge.

19.     Accordingly, on November 8, 2018, Plaintiff and his wife received a discharge of their debts.

20.     Plaintiff's bankruptcy discharge extinguished his personal liability for any pre-petition debt. See 11 U.S.C. § 727(a); 11 U.S.C. § 524(a).

21.     Indeed, as pronounced by the U.S. Court of Appeals for the Third Circuit, all of Plaintiff's pre-petition debts (other than those arising from intentional torts) have been discharged, regardless whether they were identified or listed in the bankruptcy petition.  See Judd v. Wolfe, 78 F.3d 110, 113 (3rd Cir. 1996); In re: Patti, 449 B.R. 224, 226-227 (M.D.Pa. Bankr. 2011).

22.     Plaintiff's bankruptcy filing is a matter of public record, is on his credit report, and is easily discoverable by any competent debt collector via one of bankruptcy "scrub" services.[1]

23.     On or about April 14, 2020, Defendant sent Plaintiff a collection letter, demanding payment on behalf of "Verizon Wireless."  A true and correct copy of this document (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

24.     The alleged debt referenced in the letter at issue – a purported "Total Amount Due" of $108.56 – was for Plaintiff's defaulted personal mobile phone account that Plaintiff terminated approximately 5 years earlier (well before his bankruptcy filing and discharge).  Id.

25.     Upon information and belief, the letter at issue is a form letter, generated by a computer, with the information specific to Plaintiff inserted by a computer.

26.     By demanding payment for a debt that was discharged pursuant to order of the United States Bankruptcy Court, Defendant sought payment for an amount that neither "Verizon Wireless" nor Defendant had any legal right to claim.

27.     Section 1692e(2)(A) of the FDCPA specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt. . ."  15 U.S.C. § 1692e(2)(A).

28.     Section 1692e(5) of the FDCPA specifically prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

---

[1] Plaintiff's name is certainly not common or generic.  Therefore, it would have been easily picked out by any reasonably-targeted inquiry.

29.     Section 1692e(10) of the FDCPA specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt. . ."  15 U.S.C. § 1692e(10).

30.     Section 1692f(1) of the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

31.     Sections 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1) "impose[] strict liability on debt collectors." Kaymark v. Bank of America, N.A., 783 F.3d 168, 174 (3rd Cir. 2015).

32.     As described herein, Defendant's actions violated the applicable provisions of the FDCPA, in that: (a) Defendant claimed that Plaintiff owed an amount that its client was not permitted by law to collect (or even ask for); and/or (b) Defendant attempted to collect an amount that was in excess of what its client was permitted by law to collect (or even ask for). See, e.g., Ershow v. Leslie Kane & Morgan, Inc., 2019 WL 6324004 *2 (D.N.J. 2019)(finding that, where defendants attempted to collect a debt discharged in bankruptcy, "there is no basis for [d]efendants to claim a meritorious defense" to an FDCPA claim).

33.     Defendant's violations of the FDCPA are material, *inter alia*, because its continued collection communications to Plaintiff, after he received his bankruptcy discharge, made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a "fresh start" that Congress had granted him.

34.     Upon information and belief, Defendant sent hundreds of letters substantially similar to the letter at issue to individuals who are/were similarly situated to Plaintiff insofar as they too received a discharge of their debts from a bankruptcy petition and nonetheless received a form letter from Defendant attempting to collect on a discharged debt.

35.     Indeed, a consumer reading the language contained in this form letter could reasonably believe that the debt at issue was still owed.

36.     It is believed and, therefore, averred that Defendant has no procedures to avoid collecting consumer debts discharged in Chapter 7 bankruptcy.

37.     Further, upon information and belief, Defendant did nothing to investigate the entities or persons that hired, retained, or engaged them to collect the alleged debt at issue before first contacting Plaintiff.

38.     Additionally, upon information and belief, Defendant never made any inquiry or otherwise investigated the legitimacy or accuracy of Plaintiff's alleged debt, before first contacting Plaintiff.

39.     Defendant, therefore, could not have reasonably relied upon the information provided to it about the alleged debt at issue.

40.     Moreover, Defendant's reliance on the information provided by the entities or persons that hired, retained, or engaged Defendant to collect the underlying obligation was not reasonable or justified, as even a cursory inquiry into Plaintiff's alleged obligation would have revealed that Defendant was being asked to collect a debt that was discharged in bankruptcy.

41.     Upon information and belief, Defendant has deliberately ignored and/or willfully avoided any investigation or inquiry of the underlying debt, as well as the entities or persons that hired, retained, or engaged Defendant to collect it, *inter alia*, because – in Defendant's estimation – the costs of conducting such an investigation are significantly higher when compared to Defendant's liability exposure under the FDCPA and/or other consumer-protection statutes.

42.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

43.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and

unconscionable.

44.     Plaintiff has been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

45.     Plaintiff has suffered and will continue to suffer actual damages due to Defendant's conduct, as set forth herein.

46.     As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

47.     Plaintiff avers that the purpose of Defendant's behavior described herein (as well as its day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and profit for Defendant's business enterprise.

48.     Upon information and belief, the policies, practices, and/or procedures Defendant attempted to utilize to illegally collect a debt from Plaintiff are those utilized by Defendant during its ordinary course of business.  As such, upon information and belief, there are, at a minimum, hundreds of other consumers who suffered the same harm due to Defendant's illicit collection practices.

49.     Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

50.     Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

51.     Irrespective of Plaintiff's actions, the aforementioned correspondence sent by

Defendant to Plaintiff was false, misleading, and, at a minimum, in violation of the FDCPA.

## V.      CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed. R. Civ. P. 23.

53.     Plaintiff brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: All natural persons in the United States, who were sent a letter by Defendant, substantially in the form represented by Exhibit "A," during the statutory period covered by this Complaint, to collect a consumer debt that was discharged in a Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 727 ("Class").

54.     The number of individuals in the Class is so numerous that joinder of all members is impracticable.  The exact number of members of the Class can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

55.     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class action and FDCPA litigation.  See, e.g., Magness v. Bank of America, N.A., et al., Docket No. 12-cv-6586 (Davis, J.); Volyansky v. Hayt, Hayt & Landau, LLC, Docket No. 2:13-cv-03360 (McHugh, J.); Ebner v. United Recovery Systems, LP, et al., Docket No. 14-cv-06881 (Beetlestone, J.).

56.     Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

57.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to

them.

58.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FDCPA.

59.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

60.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

      a.     Whether Defendant is a "debt collector," as that term is defined under the FDCPA;

      b.     Whether Defendant's correspondence is a "communication" as that term is defined under the FDCPA;

      c.     Whether Defendant's correspondence is an attempt to collect a debt;

      d.     Whether Defendant's correspondence violated the FDCPA; and

      e.     Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

61.     Plaintiff's claims are typical of the claims of members of the Class.

62.     Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

63.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
### 15 U.S.C. § 1692e(2)(A), 1692e(5), and 1692e(10)
### (On Behalf of the Class)

64.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

65.     As described herein, Defendant's actions violate the applicable provisions of the FDCPA, because demanding payment of a debt that is no longer owed due to a bankruptcy is false, deceptive, and/or misleading.  See Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

66.     Defendant's violations with respect to its collection efforts, include (but are not limited to) making false, misleading, and/or deceptive statements concerning its right to collect the debt at issue and/or consumer's legal obligations, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10).  See Hylton v. AmeriFinancial Solutions, LLC, 2018 WL 6044734 (E.D.Pa. 2018).

67.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II
### 15 U.S.C. § 1692f(1)
### (On Behalf of the Class)

68.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

69.     As described herein, Defendant's actions violate the applicable provisions of the FDCPA.  See Hylton, supra.

70.     Defendant's violations with respect to its collection efforts, include (but are not limited to) seeking payment of an amount in excess of what Defendant was allowed to collect, in

violation of 15 U.S.C. § 1692f(1).

71.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## VI.     CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A.     Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

B.     Designation of Plaintiff as representative of the Class;

C.     Designation of Plaintiff's counsel as class counsel for the Class;

D.     A Declaration that Defendant has violated the applicable provisions of the FDCPA;

E.     An Order enjoining Defendant from any further violations of the FDCPA;

F.     Actual damages;

G.     Statutory damages;

H.     Attorneys' fees and costs; and

I.     Such other relief as the Honorable Court shall deem just and appropriate.

## VII.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

### (SIGNATURE ON THE NEXT PAGE)

Dated: <u>January 5, 2021</u>                    Respectfully submitted,
                                          **KALIKHMAN & RAYZ, LLC**

                                          _____
                                          Arkady "Eric" Rayz
                                          1051 County Line Road, Suite "A"
                                          Huntingdon Valley, PA 19006
                                          Telephone:  (215) 364-5030
                                          Facsimile:  (215) 364-5029
                                          E-mail: erayz@kalraylaw.com

                                          **CONNOLLY WELLS & GRAY, LLP**
                                          Gerald D. Wells, III
                                          Robert J. Gray
                                          101 Lindenwood Drive, Suite 225
                                          Malvern, PA 19355
                                          Telephone:  (610) 822-3700
                                          Facsimile:  (610) 822-3800
                                          E-mail: gwells@cwglaw.com
                                                   rgray@cwglaw.com

                                          Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

**SouthwestCredit**
4120 International Pkwy, Suite 1100
Carrollton, TX 75007-1958
Toll Free: 855-329-6207

Office Hours:
Monday – Thursday 7:00AM to 9:00PM CT
Friday 7:00AM to 6:00PM CT
Saturday 8:00AM to 4:00PM CT

April 14, 2020

Dear VLADIMIR ZAVINSKIY,

Your account has been assigned to this office for collection. VERIZON WIRELESS has placed your account with a balance of $108.56.

Our client has advised us that they are willing to resolve your account in full for 50% of the total balance due. If you are unable to take advantage of this offer, please contact us to see what other terms can be worked out to resolve your account. We are not obligated to renew this offer.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.**

Check or Credit Card payments can be made 24-hours a day through our secure website at www.swcpayonline.com.

Jeff Hazzard
Southwest Credit Systems, L.P.

| Account Summary | |
| --- | --- |
| *Creditor* | VERIZON WIRELESS |
| *Creditor Account No.* | |
| *Southwest Reference No.* | |
| *Principal* | $92.00 |
| *Collection Fee* | $16.56 |
| *Total Amount Due* | ➜ $108.56 ← |
| *Offered Amount* | $54.28 |

**PAYMENT OPTIONS**

**Money Gram**

Receive Code:

**Payments By Internet**
www.swcpayonline.com
Visa, Mastercard, Debit Card
and Check (ACH) accepted

**Payments By Phone**
855-329-6207
24-hour touch tone service
Visa, MasterCard, Debit Card
and Check (ACH) accepted

**Payments By Mail**
Send check or money order to
PO Box 650784
Dallas, TX 75265-0784

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

---

***Detach This Portion and Return with Payment***

618CSSCGR01_00115_524495048

CSSCGR01
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

▶ Debit or credit card charges will appear on your card statement from "SWC".
▶ Do not send cash through the mail.
▶ Include reference number on the check or money order.

| Southwest Reference No. | Creditor Account No. |
| --- | --- |
| - VERIZON WIRELESS | |
| Payment Amount Enclosed | $ |

VLADIMIR ZAVINSKIY

**Please send correspondence to this address.**

Southwest Credit Systems, L.P.
PO Box 650784
Dallas, TX 75265-0784